**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LOREN MITCHELL
MAGISTRATE IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
WILMINGTON, DELAWARE 19801-3734

Date Submitted: January 31, 2025
Date Decided:  March 18, 2025

Donald L. Gouge, Jr., Esquire
Donald L. Gouge, Jr., LLC
800 N. King Street, Suite 303
Wilmington, DE 19801

William J. Rhodunda, Jr., Esquire
Rhodunda, Williams and
Kondraschow
1521 Concord Pike, Suite 205
Wilmington, DE 19803

RE:    *Joan N. Narvesen, et al. v. John Anthony Palmer, et al.*,
        C.A. No. 2022-0531-LM

Dear Counsel:

This letter resolves the Defendants' motion for summary judgment. For reasons that follow, I find that there remains issues of material fact that require the motion for summary judgment to be denied.

By way of background, there has been a dispute over the shared driveway sitting at the border of the parties' properties for well over 15 years. Even after entering into a settlement agreement in 2009, that should have been the catalyst that ended the dispute over the driveway, this new case contains familiar conflicts in

which the parties now allege breach of settlement agreement, trespass, intrusion upon seclusion, and intentional infliction of emotional distress.[1]

The parties live in Tip Top Farms, a subdivision in Newark, Delaware.[2] Plaintiffs, Edwin and Joan Narvesen, reside at 1102 Virginia Avenue (hereinafter, "Plaintiffs' Property") and Defendants, John Anthony Palmer and Jennifer M. Barker reside at 23 Virginia Place (hereinafter, "Defendants' Property").[3] Plaintiffs' Property and Defendants' Property are next to one another separated by a road, that is the primary subject of dispute in this action, identified as and referred to herein as "Virginia Place."[4]

In 2008, the Defendants and Genevieve Narvesen, the previous owner of Plaintiffs Property, had a dispute over Virginia Place that came before then Master Kim E. Ayvazyan.[5] The parties in that action underwent mediation and eventually entered into a settlement agreement that was filed with the Court on June 12, 2009

---

[1] Docket Item ("D.I.") 1; D.I. 6.

[2] D.I. 33 at ¶1; D.I. 37 at ¶1.

[3] D.I. 33 at ¶1-3; D.I. 37 at ¶1.

[4] D.I. 1, Ex A at ¶9; D.I. 33, Ex. A.

[5] The complaint in the related action, identified as *John Anthony Palmer and Jennifer Barker v. Genevieve Narvesen,* C.A. No. 3641-MA, was filed by the Defendants to the present case on March 21, 2008, against the predecessor in interest to Plaintiffs' Property, in which they seek equitable relief to enforce the easement and declaratory judgment on the rights of the parties regarding the easement.

(hereinafter, the "Settlement Agreement").[6] The Settlement Agreement, which states it runs with the land, specifies that Mr. Palmer and Ms. Barker have a right of access to their property over Virginia Place and specifies that the Plaintiffs have an obligation to trim the vegetation along Virginia Place to a height of 15 feet twice a year in May and November.[7]

Today, the parties to this action continue to dispute the use of Virginia Place and Plaintiffs claim that Defendants are in breach of the Settlement Agreement. The Defendants have trimmed the vegetation along Virginia Place,[8] and the Plaintiffs claim this constitutes trespass and breach of the Settlement Agreement because the Defendants were not granted the authority to trim the vegetation on Plaintiffs' Property.[9] The Plaintiffs complaint also alleges that the Defendants have blown debris onto their property, removed a portion of the paved driveway making up Virginia Place and installed a concrete drain, installed a surveillance camera that is aimed at the Plaintiffs' Property, and called the police informing them that the Plaintiffs have trespassed on their property.[10] The Defendants at some point posted

---

[6] C.A. No. 3641, D.I. 19. This settlement order was also filed as Exhibit A to the Plaintiffs' complaint. D.I 1, Ex. A.

[7] D.I. 1, Ex. A at ¶1-3.

[8] D.I. 6 at ¶26.

[9] D.I. 1 at ¶25, 42.

[10] D.I. 1 at ¶27-33.

a sign briefly on the fence of their property making reference to the Settlement Agreement.[11] The Defendants have also posted a sign that announces the area is under 24 hour surveillance.[12]

The Parties dispute the issue of who is the true owner of Virginia Place. The Plaintiffs argue they own the road while the Defendants have an easement for the use of the road for access to their own property. [13] The Defendants argue that Virginia Place is a public right-of-way owned by the State of Delaware (hereinafter, the "State") and maintained by Delaware Department of Transportation (hereinafter, "DelDOT").[14] The Defendants argue that according to the 1961 Declaration and Covenants, the property owners of Tip Top Farms are the beneficiaries of all "[e]asements and right of ways for the purpose of ingress, egress, regress and giving access to the land covered by the deed…."[15] They further argue that this provision proves Virginia Place could never have been transferred to the private owners, the Plaintiffs' predecessors in interest, without the permission of the other 30 owners in

---

[11] D.I. 1, Ex. E; D.I. 6 at ¶38.

[12] D.I. 1, Ex. D; D.I. 6 at ¶39.

[13] D.I. 37 at ¶15-19.

[14] D.I. 33 at ¶8-16.

[15] D.I. 33. Ex. B at 2.

the community.[16] Defendants cite to a deed from 1998 that transfers both Virginia Avenue and Virginia Place to "the public and to any State, County, or other local government authority having jurisdiction over the subject matter."[17] The Plaintiffs cite to a 2001 transfer to the Plaintiffs' predecessor in interest, Genevieve Narvesen, which includes the transfer of Virginia Place, and also cite to New Castle County parcel records that they claim indicate that Virginia Place is privately owned and not publicly owned.[18]

On June 21, 2022, the Plaintiffs filed a complaint alleging trespass, invasion of privacy and intrusion upon seclusion, breach of settlement agreement, and intentional infliction of emotional distress.[19] The Defendants filed their answer with affirmative defenses and counterclaims including but not limited to, breach of settlement agreement and intentional infliction of emotional distress on August 1, 2022.[20] Plaintiffs filed their answer to Defendants' counterclaims on August 17,

---

[16] D.I. 33 at ¶23; D.I. 33, Ex. B.

[17] D.I. 33, Ex. F.

[18] D.I. 33, Ex. G; D.I. 37, Ex. A.

[19] D.I. 1.

[20] D.I. 6.

2022.[21] A scheduling order stipulated to by the parties, identified December 31, 2025 as the discovery cutoff. [22]

On January 3, 2025, Defendants filed the motion for summary judgment presently before me.[23] The Plaintiffs' response to Defendants' motion for summary judgment was filed on January 31, 2025.[24] On February 28, 2025, Plaintiffs filed a letter along with supplemental information from the Delaware Department of Transportation that Plaintiffs received after briefing for the motion for summary judgment was completed.[25] The Court issued a minute order on March 3, 2025, informing the parties that the Defendants may file a response to the Plaintiffs' supplemental documentation no later than March 10, 2025.[26] The Defendants filed a letter in response on March 10, 2025 arguing primarily that the supplemental evidence filed should not be considered by the Court because it was filed well past the discovery cutoff agreed to by the parties in their stipulated scheduling order.[27] A two-day Trial is presently scheduled in this matter for April 1, 2025 and April 2,

---

[21] D.I. 7.

[22] D.I. 22 at ¶1.

[23] D.I. 33. Defendants attached exhibits to this motion labeled A-K.

[24] D.I. 37. Plaintiffs also attached exhibits to their response labeled A and B.

[25] D.I. 42.

[26] D.I. 43.

[27] D.I. 46.

2025, with a status conference scheduled for March 19, 2025, and pretrial conference scheduled for March 26, 2025.[28]

As a preliminary matter, this letter does not consider the exhibits filed by the Plaintiff on February 28, 2025 after close of briefing on the motion for summary judgment on January 31, 2025, because they were filed outside of the stipulated deadline.[29]

## I.    ANALYSIS

A motion for summary judgment will be granted if "there is no genuine issue as to any material fact and … the moving party is entitled to judgment as a matter of law."[30] "In deciding a motion for summary judgment, the facts must be viewed in the light most favorable to the nonmoving party and the moving party has the burden of demonstrating that there is no material question of fact."[31] When the moving party has met this burden, the responsibility then shifts onto, "the non-moving party [to] 'adduce some evidence of a dispute of material fact.'"[32]

---

[28] D.I. 22; D.I. 41.

[29] D.I. 22 at ¶4.

[30] Ct. Ch. R. 56(c).

[31] *Senior Tour Players 207 Mgmt. Co. LLC v. Golftown 207 Hldg. Co.*, 853 A.2d 124, 126 (Del. Ch. 2004) (citing *Tanzer v. Int'l Gen. Inds., Inc.*, 402 A.2d 382, 385 (Del. Ch. 1979)).

[32] *In re El Paso Pipeline P'rs, L.P. Deriv. Litig.*, 2014 WL 2768782, at *8 (Del. Ch. June 12, 2014) (quoting *Metcap Sec. LLC v. Pearl Senior care, Inc.*, 2009 WL 513756, at *3 (Del. Ch. Feb. 27, 2009), aff'd, 977 A.2d 899 (Del. 2009)).

The Defendants primarily argue they are entitled to summary judgment because the Plaintiffs do not own the right of way that is the subject of the claim, that the rightful owner of the 40 foot right of way is the State or alternatively should be reinstated as a public right of way owned by the State, and additionally argue they are entitled to summary judgment due to Plaintiffs' failure to join the State as an indispensable party.

## A. There remain issues of material fact.

If parties each present "conflicting evidence such that there is an issue of material fact, summary judgment must be denied."[33] A genuine issue of material fact is found where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[34] The Court is tasked with answering the question of "whether or not there is any evidence supporting a favorable conclusion to the nonmoving party."[35] Additionally, "there is no absolute right to summary judgment,

---

[33] *Deloitte LLP v. Flanagan*, 2009 WL 5200657, at *3 (Del. Ch. Dec. 29, 2009) (citation omitted).

[34] *Id.* (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986)).

[35] *Continental Oil Co. v. Pauley Petroleum, Inc.*, 251 A.2d 824, 826 (Del. 1969) (citation omitted).

and it is within the discretion of the presiding judicial officer to require a developed record before rendering a decision on the merits."[36]

Presently there remain before me facts in dispute that are material to the claims and counterclaims brought by both parties, relating to the legal issues of breach of Settlement Agreement and the question of the ownership status of Virginia Place. Plaintiffs claim to own Virginia Place and claim Defendants have an easement for ingress and egress to their property through the right-of-way.[37] Defendants claim that Virginia place was never a part of Plaintiffs' Property.[38] The Parties have each presented conflicting exhibits to their points on this issue of whether Virginia Place is privately or publicly owned which is material to all other claims brought in this case.[39] The parties remain in dispute as to how they each came into ownership of their properties and as to the ownership status of Virginia Place. Therefore, with the competing evidence provided by each party as to the status of the true owner of the right of way, which are facts material to the outcome of this action, I cannot enter summary judgment in favor of the Defendants.

---

[36] *Gerald N. & Myrna M. Smernoff Rev. Trs. v. King's Grant Condo. Ass'n.,* 2022 WL 6331860, at *1 (Del. Ch. Oct. 10, 2022) (footnote omitted).

[37] D.I. 37 at ¶15-19.

[38] D.I. 33 at ¶18-23.

[39] *See, generally* D.I. 33, Ex. A-K; D.I. 37, Ex. A-B.

**B. The State is not an indispensable party to this case.**

Under Court of Chancery Rule 12(b)(7) and Court of Chancery Rule 19, a party can assert a defense of failure to join a necessary party. Rule 19(a) identifies that a person is a necessary party if "in that person's absence, the Court cannot accord complete relief among existing parties [,]"[40] or "that disposition in the case will injure their rights or subject them to substantial risk of multiple or inconsistent obligations related to that interest."[41] A necessary party's interest in the controversy "must be such that a final decree cannot be made which will neither touch upon the party's interest nor leave the controversy in such a state that the final determination would be inconsistent with equity and good conscience."[42]

If the Court determines that a party is a necessary one, but determines that party's actual joinder is not feasible, "the Court must determine in equity and good

---

[40] Ct. Ch. R. 19(a)(1)(A).

[41] *Mooney v. Geriatric Services of Delaware, Inc.*, 2020 WL 7695643, at *3 (Del. Ch. Dec. 28, 2020) (citing Ct. Ch. R. 19(a)).

[42] *NAMA Holdings, LLC v. Related World Market Center, LLC*, 922 A.2d 417, 436 (Del. Ch. 2007) (internal quotation marks omitted); *see also National Education Corp v. Bell & Howell Co*, 1983 WL 8946, at *3 (Del. Ch. Dec. 13, 1983) ("a case is not dismissed under Rule 19(b) because of the failure of the plaintiff to have joined an indispensable party, but rather it is dismissed only in the event that the Court determines on the particular circumstances of the case that in equity and good conscience the suit should not be permitted to go forward in the absence of those persons who have an interest in the matter as defined in [Rule 19(a)]").

conscience if the action should proceed among the parties before it should be dismissed due to the absence of an indispensable party."[43]

> The factors to be considered in making this determination are (1) the extent to which a judgment entered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which any such prejudice may be lessened or avoided by the shaping of relief or protective provisions in a judgment; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether Plaintiffs will have an adequate remedy if the action is dismissed for nonjoinder.[44]

It may very well be that it would be appropriate to name the State as a party to this action based on Defendants' argument regarding the true ownership of Virginia Place, however I find joining the State on the eve of trial to be infeasible because it would be unreasonably prejudicial to the parties currently in the action as it may risk unnecessary delay to trial. I also find it unnecessary to dismiss for failure to join when all the while the Court can lessen or avoid the prejudice of nonjoinder by adequately shaping the decision with narrowly tailored relief so as not to affect the State's interest, if any, in Virginia Place.

I do not find summary judgment, or dismissal, to be appropriate for Plaintiffs' nonjoinder of the State as a party to this action where Defendants are able to

---

[43] *Hunt v. DelCollo*, 317 A.2d 545, 551 (Del. Ch. 1974).

[44] *Id.*

adequately represent any interest they allege the State may have. The Court is able to avoid, through narrowly tailored relief, prejudice to the party not joined, and I find there is a greater risk of prejudice toward the present parties in the action if trial were to be delayed, to join the State if ultimately feasible, or to dismiss the case, if joinder is ultimately infeasible.

## II.    CONCLUSION

For the reasons explained above, Defendants' motion for summary judgment is denied as material facts remain that would benefit from the illuminating effect of trial. I do however find that the State is not an indispensable party that is required to be joined for the Court to be able to provide full and final judgment in this action. Trial will move forward as scheduled on April 1, 2025 and April 2, 2025.

This is a Magistrate's Report under Court of Chancery Rule 144 and exceptions are stayed until I have issued a final decision on the merits of the claims.

Respectfully submitted,

*/s/ Loren Mitchell*

Magistrate in Chancery